No. 3285.

W. W. CARRE & CO., Appellants, vs J. H. MASSIE, Appellee,

Questions of fact only are involved in this case.

Appeal from Civil District Court, Divisions E and D.

W. S. Benedict, for Plaintiff and Appellants.

C. H. Osterberger, for Defendant and Appellee.

BEAUREGARD, J. This case, after careful examination of the issues of fact therein involved, was remanded to the Court a qua for ascertainment of the value of the logs sawed, plus the profit and less the expenses incurred in reducing them to lumber.

It must be first borne in mind the following:

1st. The record as originally submitted revealed the fact, as a certainty that 125 logs belonging to the plaintiffs had been fished out of the Tangipahoa river by the defendant and reduced to lumber, and not 164 logs, as was contended for and testified to by the plaintiffs on the re-trial of this case. Therefore, evidence admitted in this respect, and which went beyond the finding of the Court in its original opinion was not admissible. On examination of the testimony of Largue and others, taken under commission, it does not appear that the number of logs, to which one of the Carre's testified and based on the report of these witnesses to them, was specially testified to by them when examined under commission; Then was the time for these witnesses to have so testified to corroborate the Carre's, who merely testified in this respect from hearsay. So, this evidence must be excluded as well as any other evidence going to show the estimate of the thousand feet per logs sawed based on a greater number than 125 logs.

2nd. That if the defendant sawed these logs, it was against the wish, protest and refusal of the plaintiff; who, at the very beginning of their being informed that the defendant was sawing their logs substantially protested against this; had refused to enter into any agreement with him in spite of his offering to give them two or three logs to one of theirs.

Which offer on the part of the defendant was a clear acknowledgment of the inferior quality of plaintiff's logs. For such an offer considering defendant's testimony as to plaintiff's low grade of their logs, to-wit: lob-lolly instead of yellow long leaf pine, would have been a negation of expected profit or a self-abnegation not easily conceived in a man of business running a saw mill at a loss, as the defendant testifies to and seeks to uphold by an account of the list of employees; the amounts due to each; and the number of thousands of feet sawed by him from the beginning of his work on the Tangipahoa river, but in which he admits that the Carre & Co.'s logs or lumber does not figure.

3rd. Carre & Co, testify that the price of logs reduced to lumber was, at the close of the year 1899-1900, per M. $11.

| | |
|---|---|
| That the cost of sawing logs..................... ............... | $2 12 |
| That the raising of sunken logs...................... | 75 |
| And freight to New Orleans................ ........ | 1 75 |
| That is, per M ........................................... | 4 62 |
| A net price, including profit of ............... ............... | 6 38 |
| Or less $2, profit, net price........................ ....... | 4 38 |

Suit being instituted for $4.50 per M.

Taking therefore the 125 logs as to 31,250 feet, at $6.38, the amount which plaintiffs should recover, amounts to ($199.37) One hundred and ninety-nine dollars and thirty-seven cents.

It appears from the record that Defendant sought to show that the freight on lumber from Tangipahoa river to New Orleans amounted to $2.25 per M., that he lost 5 per M., in his sawing operations on said river, that Carre's logs were of an inferior grade; that the price of lumber in New Orleans at the period referred to above was much less than that fixed by the plaintiffs. All of this may be true, but Carre & Co.'s testimony, and who have been in the lumber business for years, confirmed by Mr. Lambou, who is an equally experienced lumber dealer, must, in our estimation, outweigh the vague and unsatisfactory, evidence in that respect adduced in defendant's favor. Furthermore, defendant, notwithstanding plaintiff's positive refusal to sell their floating or sunken logs, appropriated the same. If defendant experienced any loss in this appropriation of another's property, it may well be that that other abiding his time and a non-favorable condition of the market, as

62

weil as having at hand greater facility for removing his logs, would not have experienced the losses which defendant claims to have sustained, and which he holds up as an offset to plaintiff's just claim

The judgment appealed from is avoided and reversed. And it is now ordered and decreed that plaintiffs, W. W. Carre & Co., have judgment against defendant, J. H. Massie, in the full sum of One hundred and ninety-nine dollars and thirty-seven cents, ($199 37-100), with legal interest thereon from the first of January, 1900, till paid and costs of suit. Costs of appeal to be paid by the appellee.

November 23rd, 1903.

Rehearing refused February 8th, 1904.